## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:  12-22836-CIV-MORENO

YALICE RAMOS,

                 Plaintiff,

vs.

NEW ERA HEALTH CENTER, INC.,
BARBARA GARCIA MUSA,
JORGE MUSA,

                 Defendants.

_____/

### FIRST AMENDED COMPLAINT
*{Jury Trial Demanded}*

       Plaintiff, YALICE RAMOS, through counsel, sues Defendants, NEW ERA HEALTH

CENTER, INC., BARBARA GARCIA MUSA and JORGE MUSA, and alleges as follows:

1.        This is an action for damages and equitable relief within the jurisdiction of this court. The Court also has supplemental jurisdiction over the pendent state claim pursuant to 28 U.S.C. § 1367.

2.        Plaintiff resides in Florida and is a present employee of Defendants.

3.        Defendant, NEW ERA HEALTH CENTER, INC., is a Florida corporation with its principal place of business in Miami-Dade County, Florida, is engaged in commerce in the field of medical care and at all times material hereto, was the "Employer" of the Plaintiff as that term is defined under statutes referenced herein including but not limited to FLSA and Florida's Private Sector WhistleBlower Act.

4.      At all times material hereto, Defendant, NEW ERA HEALTH CENTER, INC. along with its employees was engaged along with its employees in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

5.      Defendants, BARBARA GARCIA MUSA and JORGE MUSA are residents of Southern District of Florida and at all times material hereto were the managing agents of Defendant, NEW ERA HEALTH CENTER, INC.; said Defendants acted and acts directly in the interests of the Defendant, NEW ERA HEALTH CENTER, INC., in relation to said co-Defendant's employees. Defendants effectively dominate NEW ERA HEALTH CENTER, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, BARBARA GARCIA MUSA and JORGE MUSA were "employer(s)" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6.      In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendant as a Therapist.

7.      During part of Plaintiff's employment (specifically from about 07/01/2012 through about 07/28/2012), Plaintiff accrued approximately $4,135.00 in damages which are computed as follows:

- Unpaid wage - $ 3,120.00

- Liquidated Damages $1,015.00 (35 hours per week x 4 weeks x $7.25 per hour)

8.      Defendants failed to pay Plaintiff and when Plaintiff filed the instant lawsuit, within hours of receipt of service of process of same, Defendants terminated Plaintiff's employment in retaliation for her exercising her legal rights under the law, to wit: protesting and/or objecting to Defendants' illegal wage practices.

9.      Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

10.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (ALL DEFENDANTS)

11.     Plaintiff reavers and realleges Paragraphs 1-10 herein.

12.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages from Defendant for the work performed; (ii) $1,015.00 in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

13.     Plaintiff seeks recovery of the unpaid minimum wages and liquidated damages, interests, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, plus costs and reasonable attorneys' fees, and such other remedy as the Court deems just and appropriate.

**COUNT II**
**BREACH OF WRITTEN CONTRACT**
**(NEW ERA HEALTH CENTER, INC.)**

14.　　　　Plaintiff reavers and realleges paragraphs 1-10 herein.

15.　　　　Plaintiff entered into a written contract for wages with Defendant to be compensated for work performed at the hourly rate of pay of $23.50 per hour and failed to pay a total of 140 hours worked for a total owed of approximately $3,120.00. Exhibit "A" (the hourly rate has been increased from $22.00 per hour to $23.50 per hour for weekday hours worked).

16.　　　　Defendant is further indebted to Plaintiff for the total amount owed under the subject agreement is date and time certain.

17.　　　　Plaintiff worked for Defendant and did not receive the compensation promised. Defendant, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under a written contract for wages with Defendant.

18.　　　　Plaintiff has been damaged as a result of Defendant's failure to pay the agreed upon wages.

19.　　　　Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and reasonable attorney's fees.

　　　　WHEREFORE, Plaintiff demands judgment against Defendant for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees and costs incurred in this action and any and all further relief this Court deems just and appropriate.

**COUNT III**
**VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA**
**(ALL DEFENDANTS)**

20.       Plaintiff reavers and realleges paragraphs 1-10 herein.

21.       Plaintiff complained/objected to Defendants' practices for unlawfully failing to pay the appropriate federal minimum wage and filed the instant lawsuit.

22.       In response to Plaintiff's objections and protestations, Defendants retaliated against Plaintiff and fired Plaintiff under pretextual grounds in violation of 29 U.S.C. section 215(a)(3).

        WHEREFORE, Plaintiff demands judgment against Defendants including but not limited to back and front pay, lost benefits and other remuneration and an additional equal amount as liquidated damages (see 29 U.S.C. § 216(b)), appropriate equitable relief (e.g., employment, reinstatement, promotion), award of cost, fees and such other remedy as the court deems just and appropriate.

**COUNT IV**
**VIOLATION OF THE FLORIDA'S WHISTLEBLOWER ACT**
**(NEW ERA HEALTH CENTER, INC.)**

23.       Plaintiff reavers and realleges paragraphs 1-10 and Count III herein.

24.       Defendant's referenced unlawful retaliatory personnel action towards Plaintiff after Plaintiff raised objections/protestation to the unlawful activity in violation of the Florida's Private Sector Whistleblower Act, Section 448.102(3), Florida Statutes.

25.       As a direct and proximate result of Defendant's violation of the Act, the Plaintiff has suffered losses and will suffer losses including, but not limited to, loss of wages, benefits, other remuneration and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant for back and front pay, lost benefits and other remuneration, compensatory damages, appropriate equitable relief, and award of cost, fees and expenses under Section 448.104, Florida Statutes.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on August 14, 2012 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

Loren Law Group
320 South State Road 7
Suite 300
Plantation, FL 33317
Phone:          (954)585-4878
Facsimile:      (954)585-4886
E-Mail:         JLoren@Lorenlaw.com


_____
James M. Loren, Esquire
Bar No.: 55409


## SERVICE LIST

New Era Health Center, Inc.
Registered Agent: Juan Benitez
9600 S.W. 8th Street
Suite 1
Miami, FL 33174
VIA. U.S. Mail

# INDEPENDENT CONTRACTOR AGREEMENT

COPY

This AGREEMENT is effective as of _____9/27/10_____, and is by and between *NEW ERA HEALTH CENTER, INC.*, a Florida corporation ("Agency") and _____Yalice Ramos_____, ("Contractor")

## RECITALS

**WHEREAS**, the Agency is primarily involved in the business of placing License Mental Health therapists, on an independent contractor basis, with persons requiring psychotherapy group services; and

**WHEREAS**, the Agency wishes to engages the Contractor, and the Contractor wishes to be engaged to provide psychotherapy groups services to persons designed by the Agency, as an independent contractor, upon the terms and conditions contained below;

**NOW, THEREFORE**, in consideration of the premises, mutual promises, covenants, terms and conditions contained herein, and other good and valuable considerations, the receipt, and sufficiency of which are acknowledged by the parties, the parties agree as follow:

1. **SERVICES**: Contractor shall provide, directly to clients designed by the Agency, psychotherapy groups services, at such time and at such place as shall be agreed between the Agency and the Contractor.

2. **CONPENSATION**: The Contractor shall be entitled to receive from the Agency a payment with respect to each psychotherapy group treatment provide by the Contractor to clients designed by the Agency, which compensation is (and shall be paid) as set forth under **"EXHIBIT A"** labeled and attached hereto and initialed by the parties hereto. Contractor shall not be entitle to receive any reimbursement for any cost or expenses incurred by the Contractor, the Contractor shall prepare and provide to the Agency, as may be reasonable requested, all reasonable documentation which shall document such services, in order that the Agency, or any other entity designed by the Agency, may comply with appropriate Federal and State laws with respect to the reimbursement by the Agency to the Contractor as compensation herein.

3. **CONTRACTOR'S REPRESENTATION**: Contractor represents to the Agency that Contractor is, and will continue to be during the term of this Agreement, duly License as necessary in the State of Florida to provide the services hereunder, and the execution of this Agreement to which the Contractor is a party. Contractor also represents that that the Contractor will perform hereunder without negligence and in compliance with all applicable laws including, without limitation, professional regulation. Contractor will dress appropriately while providing services.

4. **INSURANCE**: Contractor shall be responsible for obtaining and maintaining appropriate levels of professional liability insurance to cover the Contractor's performance hereunder. Contractor is required to provide Agency a valid certificate of insurance reflecting **PROFESSIONAL LIABILITY INSURANCE** coverage immediately upon the request of the Agency. In addition, Contractor is required to maintain automobile liability and personal injury protection insurance and shall provide proof of such insurance to the Agency whenever requested. Contractor must immediately notify to the Agency if the Contractor's professional liability, automobile or PIP insurance is terminated, expired, or is reduced, whether such action was initiated by the insurance company or the Contractor.

Initials: 

Exhibit "A"

1

5.    TERM: This Agreement shall commence, as of the date first written above and shall continue for successive One (1) year term, unless sooner terminated as follow: (i) this Agreement can be terminated by either party hereto upon Thirty (30) days written notice prior to the commence of the successive One (1) year period; (ii) this Agreement may be terminated by the Contractor in the event the Agency does not pay compensation due to the Contractor hereunder within Forty-Five (45) days of the receipt by the Agency of written notice of demand of same by the Contractor to the Agency; (iii) this Agreement may be terminated by the Agency at any time without notice in the event the Contractor breaches any covenant or representation under this Agreement, or (iv) this Agreement may be terminated at any time upon mutual written consent of the parties without cause.

6.    INDEPENDENCE OPERATION AND INDEMNITY: The parties acknowledge that neither (i) the Contractor, nor (ii) the Agency, or any of affiliates (including, without limitations, principles, employees, agents and executive officers, if any) shall be deemed hereunder joint   ventures, principals, partners, employees or agents of the other party hereto; provided all of the duties, obligations and responsibilities of the Contractor, and all activities with respect to the satisfaction of the foregoing, shall be conducted by the Contractor independent of the Agency as an independent contractor.  The Contractor shall indemnify and hold the Agency harmless from any and all claims of every kind and description what so ever asserted against the Agency arising out of the performance by the Contractor of Contractor's duties, obligations and responsibilities hereunder.  Not with standing anything contained herein, the Contractor shall not be permitted to delegate any of the Contractor's duties hereunder to any employee, agent or other person without the written consent of the Agency.  The Contractor is not entitle to participate in any plans, arrangement or distributions of the Agency in connection with any pension, stock, bonus, profit sharing or any other plans or benefits paid or made available to regular employees of the Agency.  Contractor shall have general control of Contractor's activities with the right to exercise independent good judgment as to the manner (but only as permitted hereunder) of servicing patients, customers and otherwise carrying out the provisions of this Agreement.  In acting as an independent contractor hereunder; Contractor shall be required to make arrangements for insurance, licenses and permits and for the payment of income taxes and social security taxes with regards to any payments received by the Contractor and Contractor's service.

7.    RESTRICTIVE COVENANT AND CONFIDENTIALITY: During the term of this Agreement and for a period of One (1) year of any termination of this Agreement, the Contractor will not directly participate in, or be connected in any manner with the offering of psychotherapy services to any person or other legal entity, directly or indirectly, who the Contractor had performed services for in connection with this Agreement.  The Contractor acknowledges that the Agency has located such persons and/or entities and the Agency has expended its resources in maintaining these relationships, (and so it would be inappropriate for the Contractor to, directly or indirectly after having provided services hereunder, provide services to any persons or person on behalf of or in connection with a competition of the Agency).  Accordingly, Contractor agrees not to compete with the Agency for those patients and    legal entities that Contractor has serviced under this Agreement.

The Contractor acknowledges and agrees that information concerning patients, supplier, office file, policies and procedures, and other aspects of the business of the Agency is confidential, and in connection therewith, the Contractor agrees not to use or disclosure any such information at any time except as permitted hereunder or as otherwise permitted in written by the Agency. The Contractor agrees to immediately surrender all such information, all reproductions, upon any of this Agreement.

The Contractor hereby agrees and acknowledges that (1) this Section and each of its provisions are reasonable as they relate to restrictions and limitations upon the Contractor; (ii) neither this Agreement nor this Section will operate as a bar to the Contractor's sole means of support; (iii) this Section, may be enforced by the Agency through use of an injunction or any other equitable remedy given the uncertain ability of the amount of damage to the Agency for a breach of this Section, in addition to any other remedies the Agency may have hereunder or under the law, (iv) the Agency shall be entitled to be reimbursed from the Contractor for legal fees, cost and expenses incurred by the Agency through all appeals, if any, to enforce this Section, (v) this Section shall survive any termination of this Agreement; and (vi) if any provision of this Section is deemed unenforceable by a

Initials: _YR_                                                                                    2

court of competent jurisdiction    whatever reason, such term shall be sul   .uted with such term of immediately lesser duration or effect which shall be deemed enforceable.

8.    **DISCLOSURE AND ACCESS**: Contractor agrees and acknowledges that it will prompt notify the Agency, in writing, of any inquires investigation, complaints and any disciplinary actions taken by any entity based on the Contractor's actions or inactions. Contractor hereby authorizes any entity regulating or supervising the Contractor to release to Agency all information relating to such complaint or disciplinary action. Contractor also agrees to    provide Agency access, upon request, to the Contractor's books, documents, and records. Contractor also agrees to allow Federal and State agents access to books and records to verify the cost and reasonableness of the services furnished.

9.    **THIRD PARTY BENEFICIARIES**: This Agreement has been entered into solely for the benefit of the parties hereto and in no event what so ever any other party or parties shall be deemed a third party beneficiary or beneficiaries of the Agreement.

10.   **MISCELLANEOUS**: This Agreement shall be governed by State of Florida law, with the sole venue for any actions, suit or proceeding arising hereunder to be in Miami, Florida. No amendment to or assignment of this Agreement will be valid unless in writing and signed by the parties signing below. This Agreement may not be waived unless such waiver is in writing and    signed by the waiving party. Each party acknowledges having been represented by independent legal counsel in connection with this Agreement or having waived such right. This Agreement set forth the entire parties as to the subject hereto and supersedes any prior Agreement. Each party will execute such reasonable documents and takes such reasonable action as may be reasonable requested to give effect to this Agreement. All cost and expenses of the parties in connection with this Agreement shall be borne by each such party incurring such cost and expenses. This Agreement may be executed in any number of counterparts.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the day and year first above written.

WITNESS

_____

COMPANY

BY:    ENRIQUE A. GARCIA, CEO

_____

WITNESS

_____

CONTRACTOR

BY: _____

Initials: _____

3

## EXHIBIT A

1.   Contractor should follow direction from Clinical Coordinator and/or Program Director

2.   Group schedule will be assigned individually as follows:

| Room-A 9:00-1:15 | Room-E 9:00-1:15 | Room-B 8:45-1:00 | Room-C 9:00-1:15 | Room-D 8:45-1:00 | Room-F 8:45-1:00 |
|---|---|---|---|---|---|
| 9:00- 9:45 | 9:00- 9:45 | 8:45- 9:30 | 9:00- 9:45 | 8:45- 9:30 | 8:45- 9:30 |
| 10:00-10:45 | 10:00-10:45 | 9:45-10:30 | 10:00-10:45 | 9:45-10:30 | 9:45-10:30 |
| 11:00-11:45 | 11:00-11:45 | 10:45-11:30 | 11:00-11:45 | 10:45-11:30 | 11:00-11:45 |
| 12:30- 1:15 | 12:30- 1:15 | 12:15- 1:00 | 12:30- 1:15 | 12:15- 1:00 | 12:30- 1:15 |

**\*If any change in group schedule occurs, you will be notified by the Clinical Coordinator on time.**

3.   All group notes must be completed and turned in on daily basis.

4.   If contractor would not be able to run groups assigned must notify the Clinical Coordinator twenty Four hours in advance.

5.   All personal documentation required by Human Resources must be turned in before date of hire.

6.   Payments schedule and rates will be as follow:

Rate per group:        $ _22.00 PER HOUR._

Payment date will be the following week (on Fridays) after 2:00 P.M.   All notes due must be turned in before correspondent check is issue or released.

ENRIQUE A. GARCIA, C.E.O.                    THERAPIST/PER-DIEM

Initials: _YR_

4